UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MARYAM AYAZI,

        Plaintiff,

  - against -

NEW YORK CITY BOARD OF EDUCATION,

        Defendant.
----------------------------------------------------------X
GARAUFIS, United States District Judge.

**MEMORANDUM & ORDER**
98-CV-7461 (NGG)(CLP)

Maryam Ayazi ("Ayazi" or "Plaintiff"), who is proceeding *pro se*, sues her former employer, the New York City Board of Education ("BOE" or "Defendant"), alleging discrimination based on her polio-related disabilities. Before the court is Ayazi's motion for reconsideration of a Memorandum and Order dismissing her procedural due process claim. For the reasons set forth below, that motion is DENIED.

**I.    Background**

The facts underlying Ayazi's causes of action are set forth in the Report and Recommendation ("R&R") of The Honorable Cheryl L. Pollak, United States Magistrate Judge, dated March 18, 2004 at 2-13. Familiarity with those facts is presumed.

Ayazi commenced this litigation in December 1998. In June 2003, BOE moved for summary judgment dismissing all of Ayazi's claims. Judge Pollak recommended that the motion be granted in full. (R&R dated March 18, 2004.) Ayazi objected. I adopted Judge Pollak's Report and Recommendation in part, and granted in part and denied in part BOE's motion for summary judgment. (Memorandum and Order ("M&O") dated September 13, 2004.) More

1

specifically, I granted summary judgment with respect to Ayazi's first, second, third, and fifth causes of action. I denied BOE's motion with respect to Ayazi's fourth cause of action, which alleges a denial of procedural due process rights based on the lack of a pre-deprivation hearing regarding whether an "R" would be placed on Ayazi's teaching license, thereby canceling or restricting that license.

On April 8, 2005, I denied Ayazi's motion for reconsideration of the Memorandum and Order dated September 13, 2005 and denied each party's motion for summary judgment as to Ayazi's procedural due process claim.

In February 2006, BOE renewed its motion for summary judgment with respect to Ayazi's procedural due process claim, arguing that Ayazi lacks standing to pursue that claim because she filed a voluntary petition for bankruptcy, such that the claim is no longer her property. I granted that motion and dismissed Ayazi's procedural due process claim. (M&O dated July 14, 2006.) Ayazi now asks the court to reconsider this decision.

## II. Legal Framework

A motion for reconsideration may be granted only in "extraordinary circumstances," Pichardo v. Ashcroft, 374 F.3d 46, 54 (2d Cir. 2004), such as to "correct a clear error or prevent manifest injustice." Doe v. New York City Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983) (quotations and citations omitted). A motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Put another way, a motion for reconsideration may be granted if and only if the court overlooked (1) factual matters

that were put before it on the underlying motion or (2) controlling legal authority. See Fed. R. Civ. P. 59(e); Local Rule 6.3; Range Road Music, Inc. v. Music Sales Corp., 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000). A motion for reconsideration "should not be granted," however, "where the moving party seeks solely to relitigate a decision already decided." Shrader at 257.

The court is mindful that a motion for reconsideration "must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." Range Road Music, 90 F. Supp. 2d at 391-92; see also In re Houbigant, Inc., 914 F.Supp. 997, 1001 (S.D.N.Y.1996). "[T]he court must not allow a party to use the motion as a substitute for appealing from a final judgment." E.E.O.C. v. Federal Express Corp., 268 F. Supp. 2d 192, 195 (E.D.N.Y. 2003) (Garaufis, J.).

**III.    Analysis**

The court must determine whether, in dismissing Ayazi's procedural due process claim, it overlooked any relevant factual matters put before it or any controlling legal authority. It did not, and so Ayazi's motion for reconsideration must be denied.

Ayazi makes four arguments in support of her motion, none of which compels recnosideration. First, Ayazi argues that the court overlooked "one very important fact" regarding the cases cited in support of dismissal. (Ayazi Br. dated July 19, 2006 at 2.) This argument relies primarily on a purported distinction between this case and Conklin v. St. Lawrence Valley Educ. Testing Council, Inc., 93-CV-984, 1994 WL 780898 (N.D.N.Y. Oct. 31, 1994) (Report and Recommendation adopted by Order dated Mar. 8, 1995). The court has already discussed Conklin at length. (See M&O dated July 14, 2006 at 13-14.)

Second, Ayazi argues that the court did not properly interpret the Notice of Discovery of Assets filed in her bankruptcy case. (Ayazi Br. dated July 19, 2006 at 3-4.) That document has already been considered quite carefully by the court. (See M&O dated July 14, 2006 at 11.) Ayazi cannot argue, therefore, that Notice of Discovery of Assets is or contains factual matters overlooked by the court.

Third, Ayazi argues that the court misapplied 11 U.S.C. § 554(a) and Local Bankr. R. 6007-1. (Ayazi Br. dated July 19, 2006 at 4-9.) The court considered those provisions, again quite carefully, when deciding to dismiss Ayazi's procedural due process claim. (See M&O dated July 14, 2006 at 7-11.)

Fourth and finally, Ayazi argues that the court's conclusion is "drastic because the board of Education has a monopoly on the schools in this area." (Ayazi Br. dated July 19, 2006 at 11.) To the extent that this unsupported assertion is correct – which the court need not and does not find – it cannot serve as a basis for reconsideration because it is not new data that the court previously overlooked, nor is it controlling law. Shrader, 70 F.3d at 257.

Because each of these arguments relies on a fact or law that this court already considered, or which Ayazi could have raised when she opposed BOE's motion for summary judgment, these arguments ought to have been addressed to the Court of Appeals, not to this court on a motion for reconsideration. See Rollins v. New York State Div. of Parole, No. 03 Civ. 5952 (NGG), 2007 WL 539158, at *6 (E.D.N.Y. 2007).

IV. Conclusion

For the reasons set forth above, Ayazi's motion for reconsideration of this court's Memorandum and Order dated July 14, 2006 is DENIED. In addition, to the extent that Ayazi has

moved for sanctions against opposing counsel (see Ayazi Br. dated July 19, 2006 at 11) that motion is DENIED.[1] The Clerk of Court is directed to enter a judgment and close this case.

SO ORDERED.

Date: March 21, 2007     /s/ Nicholas G. Garaufis
Brooklyn, N.Y.     NICHOLAS G. GARAUFIS
     United States District Judge

---

[1] The court notes, however, that the brief submitted by counsel to BOE has been surprisingly unhelpful. In responding to Ayazi's motion, BOE submitted a two-page argument setting forth boilerplate standards governing motions for reconsideration and asserting, conclusorily, that "plaintiff's motion is clearly a reargument of the underlying motion for summary judgment." (BOE Br. dated July 31, 2006.) BOE did not attempt to support its conclusion by identifying Ayazi's arguments and explaining why those arguments do not contain factual matters not previously considered by the court or controlling legal authority.

The court has previously noted, in addressing the merits of Ayazi's procedural due process claim, that BOE briefing was "entirely inadequate." (M&O dated September 15, 2004 at 26.) The court therefore cautioned BOE that "to the extent that it fails to submit adequately briefed motions in the future, its motions will be denied summarily without a formal written opinion." (Id.) Although this threatened sanction cannot apply when a motion is filed by Ayazi, the court expected that BOE would understand the court's admonition to apply to responses to Ayazi's motions just as it applied to briefs supporting BOE's motions. The court is therefore disappointed with BOE's failure, for the second time in this litigation, to submit a useful brief regarding a dispositive motion.