# MANDATE

07-1391-cv
Ayazi v. New York City Board of Education

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of March, two thousand nine.

PRESENT:  HONORABLE REENA RAGGI,
          HONORABLE PETER W. HALL,
                    *Circuit Judges*,
          HONORABLE GERARD E. LYNCH,
                    *District Judge.*[1]

---

MARYAM AYAZI,

          *Plaintiff-Appellant*,

v.                             No. 07-1391-cv

NEW YORK CITY BOARD OF EDUCATION,
          *Defendant-Appellee*.

---

[1] The Honorable Gerard E. Lynch, of the United States District Court for the Southern District of New York, sitting by designation.

ISSUED AS MANDATE: APR 28 2009

| | |
|---|---|
| APPEARING FOR APPELLANT: | MARYAM AYAZI, *pro se*, Elmhurst, New York. |
| APPEARING FOR APPELLEE: | NORMAN CORENTHAL, Assistant Corporation Counsel, *for* Michael A. Cardozo, Corporation Counsel for the City of New York, New York, New York. |

Appeal from the United States District Court for the Eastern District of New York (Nicholas G. Garaufis, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered on April 4, 2007, is VACATED and this case REMANDED for proceedings consistent with this decision.

Maryam Ayazi appeals an award of summary judgment in favor of the New York City Board of Education, and the denial of her motion for reconsideration. In awarding summary judgment, the district court held that Ayazi's bankruptcy filing deprived her of standing to pursue her procedural-due-process claim because it transformed that claim to estate property that was never abandoned. See 11 U.S.C. § 554(d). On our *de novo* review of a summary judgment ruling, see Mathirampuzha v. Potter, 548 F.3d 70, 74 (2d Cir. 2008), we assume the parties' familiarity with the facts and prior proceedings of this case, which we reference only as necessary to explain our decision.

We find no error in the district court's careful and thorough explication of the law governing abandonment of property of a bankruptcy estate. The trustee never expressly abandoned the claim, and abandonment as a matter of law occurs only when defined

2

procedural preconditions are met, and here they were not. See Chartschlaa v. Nationwide Mut. Ins. Co., 538 F.3d 116, 122 (2d Cir. 2008) ("While properly scheduled estate property that has not been administered by the trustee normally returns to the debtor when the bankruptcy court closes the case, undisclosed assets automatically remain property of the estate after the case is closed."). Nevertheless, in the unusual circumstances of this pro se case, we conclude that dismissal of the case without affording the plaintiff the opportunity to ask the bankruptcy court to reopen the bankruptcy is not the preferable remedy.

Ayazi began this action in 1998, and filed for bankruptcy in 2002. The Board of Education does not dispute that it was aware of the bankruptcy filing. Had the Board promptly raised and notified the bankruptcy trustee of the standing issue, the trustee would have had a clear opportunity either to adopt the plaintiff's lawsuit and pursue the claim on behalf of the bankruptcy estate, or expressly to abandon the claim and permit Ayazi to pursue it. Instead, the Board continued to litigate the case on the merits and did not raise the standing issue until 2006, after losing (in part) a motion for summary judgment on the merits. By that time, the bankruptcy case had closed and the statute of limitations on Ayazi's claims had likely passed, such that an independent action by the bankruptcy trustee was essentially precluded.

The strict formalities surrounding abandonment exist for the protection of the creditors. Enforcing those formalities here by dismissing the complaint, however, does not

3

protect the creditors, but rather provides an undeserved windfall to the Board, by eliminating any possibility that either Ayazi or the bankruptcy estate can pursue whatever value the claim has.

Under these circumstances, other courts have afforded plaintiffs the opportunity to ask the bankruptcy court to reopen the bankruptcy case to permit the trustee to determine whether to adopt or abandon the bankrupt plaintiff's causes of action. See, e.g., Dunmore v. United States, 358 F.3d 1107, 1110-11 (9th Cir. 2004); Jeffrey v. Desmond, 70 F.3d 183, 185 (1st Cir. 1995); see also EDP Med. Computer Sys., Inc. v. United States, No. 03 Civ. 3619, 2005 WL 3117433, at *5 (E.D.N.Y. Nov. 22, 2005). That approach permits the bankruptcy court to determine, in its discretion, whether the case should be reopened, or to afford whatever other relief, if any, it deems just and proper, in order to free Ayazi's claim from the bankruptcy limbo where it otherwise resided. See generally 11 U.S.C. § 350(b) (providing that case may be reopened "to accord relief to the debtor"); In re Chalasani, 92 F.3d 1300, 1307 (2d Cir. 2006).

Pursuing this course will not prejudice any party. The Board has no right to a dismissal of a claim that has survived summary judgment, simply because the claim might belong to the bankruptcy estate rather than to Ayazi. The bankruptcy trustee will have the opportunity to pursue the claim for the benefit of Ayazi's creditors — something the creditors would be denied by the simple dismissal of the complaint. And Ayazi would be permitted

4

to pursue her claim, if the bankruptcy trustee determined that further litigation would not be in the interests of the creditors.

For these reasons, the judgment of the district court is VACATED and this case REMANDED with instructions to stay district court proceedings to afford Ayazi an opportunity to move to reopen her bankruptcy case.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

By: _____

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk

by_____
           DEPUTY CLERK

5