D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARYAM AYAZI,

      Plaintiff,

 -against-

NEW YORK CITY BOARD OF EDUCATION,

      Defendant.
------------------------------------------------------------X
MARYAM AYAZI,

      Plaintiff,

 -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION.

      Defendant.
------------------------------------------------------------X

**MEMORANDUM & ORDER**
**98-CV-7461 (NGG) (LB)**

**MEMORANDUM & ORDER**
08-CV-2456 (NGG)(CLP)

NICHOLAS G. GARAUFIS, United States District Judge.

  By letter dated April 16, 2010, Plaintiff, proceeding pro se sought class certification pursuant to Federal Rule of Civil Procedure 23. (Docket Entry # 222.)[1] On May 3, 2010, the court ordered Defendants to show cause why Plaintiff's motion should not be granted. (Docket Entry # 223.) On June 1, 2010, Defendants submitted a Memorandum of Law in Opposition to Plaintiff's Motion for Class Certification. (Docket Entry # 224.) On June 15, 2010, the court denied Plaintiff's motion for class certification for the reasons set forth in Defendants' Memorandum. ("June 15 Decision" (Docket Entry #225).) On June 17, 2010, Plaintiff filed a letter with the court (Docket Entry # 226), which the court construed as a timely motion for reconsideration of the court's June 15 Decision. (Docket Entry # 227.) Subsequently, Plaintiff

---

[1] All citations in this Order are to the docket in Plaintiff's 1998 action.

1

and Defendant fully briefed the class certification issue. For the following reasons, Plaintiff's motion for reconsideration is denied.

I. STANDARD OF REVIEW

A motion for reconsideration, pursuant to Local Rule 6.3, will generally be denied unless the moving party can establish: "(1) that the court overlooked controlling decisions or data; (2) that there has been a change in decisions or data; (2) that there has been a change in controlling law; (3) that new evidence has become available; or (4) that reconsideration is necessary to correct a clear error or prevent manifest injustice." Hughes v. McWilliams, 04-CV-7030 (KMW), 2009 WL 2971757, at *1 (S.D.N.Y. Sept. 16, 2009) (citing Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)). Courts narrowly construe and strictly apply the Rule in order to avoid "repetitive arguments on issues that have already been considered fully by the court." Caleb & Co. v. E.I. Du Pont De Nemours & Co., 624 F. Supp. 747, 748 (S.D.N.Y. 1985). However, because Plaintiff had not yet submitted her reply memorandum of law in support of class certification at the time of the June 15 Decision (Docket Entry # 225), the court will review its decision de novo to ensure that all of Plaintiff's arguments have been considered fully.

II. DISCUSSION

Plaintiff's motion to certify a class was properly denied because a pro se plaintiff may not serve as both class representative and class counsel. See Rodriguez v. Eastman Kodak Co., 88 Fed. App'x 470, 471 (2d Cir. 2004) (summary order) ("[A] pro se plaintiff may not seek to represent the interests of third-parties . . . [m]oreover, it is well established that a pro se class representative cannot adequately represent the interests of other class members."); Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 2004) ("[B]ecause pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause."); Jaffe v. Capital One

Bank, 09-cv-4106 (PGG), 2010 WL 691639, at *10 (S.D.N.Y. Aug. 26, 2010) ("A pro se plaintiff may not bring an action in which he will serve as both class representative and class counsel.")

Plaintiff indicates that this problem would be remedied if the court exercised its discretion to "appoint an attorney to the class." (Pro Se Plaintiff's Reply Memorandum of Law in Opposition to Defendant's Opposition to Class Certification (Docket Entry # 232) at 5.) It is not clear whether Plaintiff seeks counsel under Federal Rule of Civil Procedure 23(g)(1) or 28 U.S.C. § 1915(e)(1). In any event, the court finds appointment is not appropriate under either provision.

Federal Rule of Civil Procedure 23(g)(1) states that "[u]nless a statute provides otherwise, a court that certifies a class must appoint class counsel." This rule contemplates appointment of class counsel from among the lawyers representing the members of the class after the class is certified. Accordingly, Rule 23(g)(1) does not provide for appointment of class counsel to represent a pro se Plaintiff before class certification has taken place.

Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The purpose of the statute is to "guarantee indigents 'meaningful access' to the courts as required by the Constitution." Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986). District courts have "broad discretion . . . in deciding whether to appoint counsel pursuant to this provision." Id.

The court finds that appointment of counsel under 28 U.S.C. § 1915(e)(1) is not necessary in this case.[2] To the extent that Plaintiff seeks counsel to represent her personally, Plaintiff has ably represented herself over the long life of these two cases – one of which dates

---

[2] On August, 12, 1999, Judge Carol B. Amon, who previously presided over this case, denied a motion by Plaintiff for the appointment of counsel but gave Plaintiff "leave to renew the motion as the case progresses." (Docket Entry # 20.)

3

from 1998 and is on the verge of trial. There is no reason to believe that Plaintiff will be unable to effectively represent herself going forward. To the extent that Plaintiff seeks the appointment of counsel because she now wishes to pursue a class action, the court finds that the purpose of 28 U.S.C. § 1915(e)(1) – guaranteeing that indigents have meaningful access to courts – does not require appointing counsel solely to permit plaintiff's case to proceed in the form of a class action. Accordingly, this court declines to exercise its discretion to recommend the appointment of counsel. And because Plaintiff cannot represent a class, certification under Federal Rule of Civil Procedure 23 must be denied.

## III. CONCLUSION

Having reviewed Plaintiff's arguments for class certification, including those submitted after the June 15 Decision, the court again finds that certification is not proper. Accordingly, Plaintiff's motion for reconsideration is denied.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
November 16, 2010

NICHOLAS G. GARAUFIS
United States District Judge