UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------- x

MARYAM  AYAZI,

                                                     Plaintiff,

                                    - against -

NEW YORK CITY BOARD OF EDUCATION,

                                          Defendant.

--------------------------------------------------------------------- x

**JOINT PRE-TRIAL ORDER**

98 CV 7461 (MKB) (CLP)

        The undersigned hereby submit the following Proposed Joint Pre-Trial Order:

1.     **PARTIES AND COUNSEL**

    Maryam Ayazi
    Pro Se Plaintiff
    86-31 57th Avenue, Apt. 2C
    Elmhurst, New York 11373
    P: 718-507-2514

    Michael A. Cardozo
    Corporation Counsel of the City of New York
    Attorney for Defendant New York City Board of Education[1]
    100 Church Street
    New York, New York 10007
    P: 212-788-0883
    F: 212-788-0940

    By:     Daniel Gomez-Sanchez
              Jane Andersen

2.     **JURISDICTION**

    This Court has jurisdiction of the action pursuant to 28 U.S.C. Sections 1331

and 1343, 42 U.S.C. Section 1983, and 42 U.S.C. §§ 12101 et seq.

---

[1] Some time after the commencement of this lawsuit, defendant began doing business as the New York City Department of Education.  For purposes herein, defendant is referred to as the BOE.

3.      **CLAIMS AND DEFENSES**

**PLAINTIFF'S VERSION OF THE REMAINING TRIABLE CLAIMS**

Whether defendant discriminated within the meaning of Title I of the Americans with Disabilities Act of 1990 or its regulations by terminating plaintiff's two ESL licenses for appointment and her substitute certificate to teach Art full-time in the Day High Schools, and whether defendant violated the Due Process Clause of the Fourteenth Amendment when it terminated plaintiff's two ESL licenses for appointment and her substitute certificate to teach Art full-time in the Day High Schools.

**DEFENDANT'S VERSION OF THE REMAINING TRIABLE CLAIMS**

a) Whether defendant intentionally revoked plaintiff's English as a Second Language license, 559B/TT, and/or plaintiff's English as a Second Language to Adults license, 026B/TT, without procedural due process, in violation of the Due Process Clause of the Fourteenth Amendment, pursuant to 42 U.S.C. Section 1983. See Memorandum and Order, dated February 7, 2011, at 15.

b) Whether defendant discriminated and/or retaliated against Plaintiff by placing an "R" notation on a medical inquiry screen because she engaged in a protected activity thereby revoking plaintiff's English as a Second Language license, 559B/TT, and/or plaintiff's Adult English as a Second Language, 026B/TT, in violation of the ADA. See Memorandum and Order, dated February 7, 2011, at 15.

c) Whether defendant intentionally cancelled plaintiff's substitute certificates to teach art, 579B/81, for the 1997-1998 and 1998-1999 school years, without procedural due process, in violation of the Due Process Clause of the Fourteenth Amendment, pursuant to 42 U.S.C. Section 1983. See Memorandum and Order, dated September 30, 2011, at 8.

**DEFENDANT'S DEFENSES**

Defenses asserted:

a) At all times relevant to the acts alleged in the Complaint, defendant's conduct was reasonable, proper, lawful, constitutional, made in good faith for nondiscriminatory, legitimate, business reasons, and without malice and/or without willful intent to violate any applicable law, rule or regulation.

b) Upon information and belief, plaintiff failed to mitigate her damages.

c) Plaintiff cannot seek punitive damages against defendant as a matter of law.

d) Plaintiff cannot meet her burden of proof.

e) Plaintiff cannot prove that defendant BOE has a policy or practice of violating procedural due process rights as alleged by plaintiff.

4. **JURY OR BENCH TRIAL**

The parties agree that the case will be tried to a jury.  The parties believe that it will take approximately three (3) days to try this case.

5. **CONSENT TO TRIAL BY A MAGISTRATE JUDGE**

The parties have not consented to a trial by a Magistrate Judge.

6. **STIPULATIONS**

None.

7. **WITNESSES**

**A) PLAINTIFF'S WITNESSES**[2]

---

[2] Defendant reserves the right to object to plaintiff's witnesses.

a) <u>Steven Catalano</u>: Will be called for impeachment for inconsistent statement regarding BOE licensing and termination of licenses based on a medical examination and the issuance and termination of substitute certificates.

b) <u>Mercuria Gibson</u>: Mercuria Gibson will be called for impeachment for inconsistent statements regarding accommodation requests entered into the Board's database and the code "R".

c) <u>Cathi Schoenberger</u>: Cathi Schoenberger will be called to testify about the Board's policy regarding the Physical and Medical Examination and its effect on licenses and payroll

d) <u>Laurence E. Becker</u>: Laurence E. Becker will be called to testify about his role in denying plaintiff accommodation and termination of her substitute license to teach Art.

e) <u>Dolores Watson</u>: Dolores Watson will be called to testify about her knowledge of medical notations and their effect on plaintiff's license in general.

f) <u>Mr. Halpern of License Validation Section</u>: Mr. Halpern will be called to testify about his knowledge of medical notations and their effect on licenses and appointments

## B) DEFENDANTS' WITNESSES[3]

a) <u>Steven Catalano</u>: Steven Catalano may be called to testify as to his knowledge with BOE licensing and New York State certification.

---

[3] Plaintiff objects to witness Valerie Fallon because she was not deposed and because she is not a witness with knowledge equal or greater to that of Steven Catalano, whom she replaced in 2011.

    b) <u>Mercuria Gibson</u>: Mercuria Gibson may be called to testify as to her familiarity with the BOE's Medical Office.

    c) <u>Cathi Schoenberger</u>: Cathi Schoenberger may be called to testify concerning her knowledge of the BOE and its processes, licensing, New York State Certification, and the HRS system.

    d) <u>Florence Link</u>: Florence Link may be called to testify concerning her interactions with the plaintiff.

    e) <u>Valerie Fallon</u>: Valerie Fallon may be called to testify concerning her knowledge with BOE licensing, substitute certificates, and New York State Certification.

Defendant reserves the right to supplement or amend their list of possible trial witnesses.  Defendant reserves the right to call any and all witnesses listed by plaintiff.

8.    **<u>DESIGNATION OF DEPOSITION TESTIMONY IN CASE IN CHIEF</u>**[4]

    **<u>PLAINTIFF'S DESIGNATIONS</u>**

| <u>Deposition</u> | <u>Description</u> | <u>Defendant's Objections</u> |
|---|---|---|
| Steven Catalano | Sworn Testimony provided on July 11, 2005 | FRE 402: Relevance<br><br>FRE 403: Cumulative; Confusing; Misleading<br><br>FRE 802: Hearsay |
| Mercuria Gibson | Sworn Testimony provided on July 19, 2005 | FRE 402: Relevance<br><br>FRE 403: Cumulative; Confusing; Misleading<br><br>FRE 802: Hearsay |

---

[4] Defendant objects to the use of any deposition testimony at trial, other than for impeachment purposes, unless a witness is unavailable as defined by the Federal Rules of Evidence.

| Cathi Schoenberger | Sworn Testimony provided on February 1, 2011 | FRE 402: Relevance<br><br>FRE 403: Cumulative; Confusing; Misleading<br><br>FRE 802: Hearsay |
|---|---|---|

9.   **EXHIBITS**

**PLAINTIFF'S EXHIBITS**

| **Exhibit** | **Description** | **Bates Stamp #** | **Stipulated Admission** | **Party Offering** | **Defendants' Objections[5]** |
|---|---|---|---|---|---|
| 1 | Deposition of Steven Catalano, dated July 11, 2005, pages: 1-247<br><br>**(Emphasis on pp. 91-92, 130-132, 175, 181-183, 187, 190, 231-235)** | n/a | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Cumulative; Confusing; Misleading<br><br>FRE 802: Hearsay |

---

[5] Defendant reserves all objections, including authenticity, to all of plaintiff's proposed Trial Exhibits until Defendant has received a pre-marked copy of each exhibit.  In the event the pre-marked exhibits comport with what Defendant expects, Defendant presents the objections listed herein.  Defendant further reserves objections to each proposed exhibit requiring a proper foundation for admission for each exhibit, even exhibits to which Defendant does not have an objection on grounds of authenticity.  Defendant objects to any exhibit plaintiff seeks to introduce during her case-in-chief, which was not identified in this proposed exhibit list.  Defendant further reserves the right to supplement its exhibit list if and when plaintiff produces a pre-marked copy of her exhibits.

| | | | | | |
|---|---|---|---|---|---|
| 2 | Deposition of Mercuria Gibson, dated July 19, 2005, pages: 31-38, 52-59, 65-67, 77-244 <br><br> **(Emphasis on pp. 52-53, 56-58, 66-67, 83, 116-117, 164, 177-178, 233-235)** | n/a | No | Plaintiff | FRE 402: Relevance <br><br> FRE 403: Cumulative; Misleading; Confusing <br><br> FRE 802: Hearsay |
| 3 | Declaration of Mercuria Gibson, dated February 3, 2005 <br><br> **<u>(emphasis on Ex. E, Number 5)</u>** | 112-118 | No | Plaintiff | FRE 402: Relevance <br><br> FRE 403: Cumulative; Misleading; Confusing <br><br> FRE 802: Hearsay |
| 4 | Affidavit of Mercuria Gibson, dated November 23, 2004 <br><br> **<u>(emphasis on Paragraph 5)</u>** | 13-17 | No | Plaintiff | FRE 402: Relevance <br><br> FRE 403: Cumulative; Confusing; Misleading; <br><br> FRE 802: Hearsay |
| 5 | Chancellor Regulation C-80 issued July 3, 1986 <br><br> **<u>(emphasis on Bates 269, §§ 2.2-2.3)</u>** | 267-273 | No | Plaintiff | FRE 402: Relevance <br><br> FRE 403: Cumulative; Confusing; Misleading; Prejudicial |

| | | | | | |
|---|---|---|---|---|---|
| 6 | Defendant's Responses and Objections to Plaintiff's May 31, 2005 Requests for Production, dated June 10, 2005 | 288-307 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial; Cumulative; Confusing; Misleading |
| 7[6] | Plaintiff's Medical File at the Board of Education | 0008967-0009033 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial; Confusing; Misleading<br><br>FRE 802: Hearsay<br><br>FRE 901: Authenticity |
| 8 | Letter from Defendant's Attorney Leonard Kaplan to Plaintiff, dated July 17, 1999 | 12 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial; Confusing; Misleading<br><br>FRE 802: Hearsay |

---

[6] Plaintiff's entire Exhibit 7 is duplicative of the following exhibits: 12, 23, 32, 33, 47a-47bp.

| | | | | | |
|---|---|---|---|---|---|
| 9 | Notes by Plaintiff Regarding Meeting with Dolores Watson and Mr. Halpern on 4/21/98<br><br>2 Pages, Exhibit 6 to Deposition of M. Gibson dated 7/19/05 at pages 118-125 | | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial; Confusing; Misleading; Cumulative<br><br>FRE 802: Hearsay<br><br>FRE 901: Authenticity |
| 10 | Chancellor Regulation C-205 approved October 1990 (emphasis: Bates 58 §2, Bates 78 Notes & Changes §7(a)) | 56-78 | No | Plaintiff | FRE 402: Relevance<br><br>FRE: 403: Confusing; Misleading |
| 11 | Plaintiff's Conditional Offer of Employment Form, signed by plaintiff on July 22, 1996 | 275-278 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial; Confusing; Misleading<br><br>FRE 802: Hearsay |

| 12[7] | Letter from Lawrence E. Becker, Chief Administrator, Medical Bureau, dated June 23, 1999 | 0009021-0009022 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial; Misleading; Confusing<br><br>FRE 802: Hearsay |
| 13 | Board of Education's Personnel Memorandum No. 30 | 283 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial; Confusing; Misleading |
| 14 | Errata Sheet Corrections made and signed by Plaintiff on September 28, 2005 | | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial; Confusing; Misleading; Self-Serving; Cumulative<br><br>FRE 802: Hearsay |
| 15 | Further Declaration of Nathaniel Brown, dated December __, 2005 | | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial; Cumulative; Misleading; Confusing<br><br>FRE 802: Hearsay |

---

[7] Plaintiff's Exhibit 12 is duplicative of plaintiff's Exhibits 47bd and 47be.

| 16 | New York City Public School Certification to Serve as a Substitute, Teacher of Fine Arts in Day High Schools, issued August 28, 1997 | | No | Plaintiff | No Objection subject to proper foundation |
|---|---|---|---|---|---|
| 17 | New York City Public Schools Certificate to Serve as a Substitute Teacher in Day High Schools, issued October 16, 1996 | | No | Plaintiff | FRE 402: Relevance |
| 18 | New York City Public Schools Certificate to Serve as a Substitute, Teacher of Fine Arts in Day High Schools, issued August 13, 1998 for File # 724824 | | No | Plaintiff | No Objection subject to proper foundation |
| 19 | New York City Public Schools Certificate to Serve as a Substitute, Teacher of Basic English as a Second Language to Adults effective 9/2/97 – 8/31/98 for File # 724824 | | No | Plaintiff | FRE 402: Relevance FRE 403: Prejudicial; Confusing; Misleading |

| | | | | | |
|---|---|---|---|---|---|
| 20 | Denial of Application for license as a New York City Teacher of Fine Arts in the Day High Schools, dated July 14, 1998 | | No | Plaintiff | No Objection subject to proper foundation |
| 21 | Confidential Investigation Report for Plaintiff Regarding Information Used to Deny Her Application for License as a New York City Teacher of Fine Arts in the Day High Schools for PRP #37484 with Application date of April 21, 1998 | | No | Plaintiff | No Objection Subject to Proper Foundation |
| 22[8] | Attached page to Confidential Investigation Report (PRP # 37484) for Plaintiff regarding information used to deny her application for license as a New York City Teacher of Fine Arts in the Day High Schools signed by three persons dated, June 29, 1998, and July 1, 1998 | | No | Plaintiff | No Objection Subject to Proper Foundation |

---

[8] Plaintiff's Exhibit 22 is a single page also contained in plaintiff's Exhibit 21.

| | | | | |
|---|---|---|---|---|
| 23[9] | Letter from Gary Barton to Plaintiff regarding reason for denial of application for license as a New York City Teacher of Fine Arts in the DHS, dated September 28, 1998 (included in Plaintiff's medical file and Bates stamped 0008994) | 0008994 | No | Plaintiff | No Objection Subject to Proper Foundation |
| 24 | Notification date of scheduled interview examination for license as New York City Teacher Fine Arts in the Day High Schools, dated December 23, 1998 | | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial; Confusing; Misleading<br><br>FRE 802: Hearsay |
| 25 | Board of Education's Special Circular No. 31R, 1992-1993 | 14-17 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Confusing; Misleading |

---

[9] Plaintiff's Exhibit 23 is duplicative of plaintiff's Exhibit 47ab.

| | | | | | |
|---|---|---|---|---|---|
| 26 | Plaintiff's Annual Performance Review indicating Satisfactory Service with "S" notation at Franklin K. Lane High School from 9/3/96 – 1/31/97 | | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Pertains to Dismissed Claims<br><br>FRE 802: Hearsay |
| 29 | Plaintiff's March 30, 1999 letter to Board of Education's Investigation Office regarding failure to process a Fine Arts License (579B) | | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Confusing; Misleading; Self-Serving<br><br>FRE 802: Hearsay |
| 30 | June 12, 1998 letter to Plaintiff from Albert Cleary regarding PRP #37,484 and stating there was adverse information sent from Grover Cleveland High School regarding her teaching service in connection with her application for a license as a New York City Teacher Fine Arts in the Day High Schools | | No | Plaintiff | No objection subject to proper foundation |

| | | | | | |
|---|---|---|---|---|---|
| 31 | Plaintiff's June 26, 1998 letter to Albert Clearly at the Board of Education's Office of Personnel | | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Confusing; Misleading; Cumulative; Self-Serving<br><br>FRE 802: Hearsay |
| 32[10] | September 14, 1998 letter to Plaintiff from Yvonne M. Joseph of the Board of Education's Medical Bureau regarding her request for accommodation | 0009000 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Pertains to Dismissed Claims; Prejudicial; Confusing; Misleading<br><br>FRE 802: Hearsay |
| 33[11] | Plaintiff's accommodation request on the official Board of Education form dated June 3, 1998 | 0008984-0008985 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Pertains to Dismissed Claims; Prejudicial; Confusing; Misleading<br><br>FRE 802: Hearsay |

---

[10] Plaintiff's Exhibit 32 is duplicative of plaintiff's exhibit 47ah.

[11] Plaintiff's Exhibit 33 is duplicative of plaintiff's exhibits 47r and 47s.

- 15 -

| 34 | Plaintiff's formal application for Pedagogical License or Certificate for Fine Arts License DHS dated 4/21/98 | | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Confusing; Misleading<br><br>FRE 802: Hearsay |
|---|---|---|---|---|---|
| 35 | Personal Employee Profile Guide; reviewing and updating New York City professional employment and licensing information; New York City Board of Education; Division of Human Resources, dated 1998 | | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Confusing; Misleading |
| 36 | Letter from Board of Education's Office of Recruitment, Personnel Assessment and Licensing (ORPAL), dated February 19, 1997 to Plaintiff regarding Denial of her Fine Arts DHS (579B) License | 279 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Confusing; Misleading<br><br>FRE 802: Hearsay |

| | | | | | |
|---|---|---|---|---|---|
| 37 | Letter in memo form from ORPAL signed by Steven L. Catalano, Chief Administrator of Licensing explaining the conditions of the license attached as a result of passing the examination in the pupil personnel service area for which the license had been issued, revised February 1997 | 276-278 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial; Confusing; Misleading<br><br>FRE 802: Hearsay |
| 38 | Chancellor Regulation C-200 including Change 5; approved October 15, 1990; last amended June 24, 1993 **(emphasis on Bates 37 § 26(b)(2))** | 18-40 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial; Confusing; Misleading |
| 39 | Chancellor Regulation C-201; approved October 15, 1990; last amended June 24, 1992 **(emphasis on Bates 42 §1, Bates 43 §2(b), Bates 55)** | 41-55 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial; Confusing; Misleading |

| | | | | | |
|---|---|---|---|---|---|
| 40 | Letter dated February 23, 1999 in memo form from ORPAL signed by Steven L. Catalano, Chief Administrator explaining that plaintiff passed the oral interview but the license could not be processed for the reasons marked by an "X" | 280 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 802: Hearsay |
| 41 | Declaration of Steven L. Catalano, dated February 3, 2005<br><br>**Emphasis on ¶ 19** | | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial; Confusing; Misleading; Cumulative<br><br>FRE 802: Hearsay |
| 42 | Affidavit of Steven Catalano, dated November 22, 2004 with Exhibits A & B<br><br>**Emphasis on ¶¶ 6, 17, 18** | | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial; Confusing; Misleading; Cumulative<br><br>FRE 802: Hearsay |

| | | | | | |
|---|---|---|---|---|---|
| 43 | October 19, 1998 Grievance Decision by the Board of Education stating as one of the facts: "Grievant previously held a license for the ESL in Day High Schools. This license was terminated for cause." | | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial; Confusing; Misleading<br><br>FRE 802: Hearsay |
| 44 | January 8, 2008 letter to EEOC from Board of Education signed by Christine J. Kicinski regarding Plaintiff's Charge No. 520-2007-01094 | | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial; Confusing; Misleading<br><br>FRE 802: Hearsay |

| | | | | | |
|---|---|---|---|---|---|
| 45 | May 26, 1998 letter from the United Federation of Teachers, Local 2, to Plaintiff regarding her claims of disability retaliation and reference to Ms. Watson of the Medical Division on May 18, 1998 regarding an "R" and referenced in ¶ 17 (as Exhibit G) of the Board's Answer to Plaintiff's charge to the Public Employment Relations Board (PERB) dated September 15, 1998 | | No | Plaintiff | No objection subject to proper foundation |
| 46 | Notes from Plaintiff's log notes in consecutive order beginning with April 20, 1998 (conversation with Mrs. Anna Avila at Licensing) – to May 1, 1998 (conversation with Carol Cohen at ORPAL at 935-2710 | | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial; Confusing; Misleading; Self-Serving; Cumulative<br><br>FRE 802: Hearsay<br><br>FRE 901: Authenticity |

| | | | | |
|---|---|---|---|---|
| 47a | Letter to EEOC signed by Defendant's staff attorney Michael J. Valente and dated April 17, 1998 and received April 20, 1998 by Defendant's Division of Human Resources | 0008967 (four pages) | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial; Confusing; Misleading; Pertains to Dismissed Claims<br><br>FRE 802: Hearsay |
| 47b | Letter to EEOC signed by Defendant's staff attorney Michael J. Valente and dated August 26, 1998 and received August 31, 1998 by Defendant's Division of Human Resources | 0008968 (three pages) | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial; Confusing; Misleading; Pertains to Dismissed Claims<br><br>FRE 802: Hearsay |

| | | | | | |
|---|---|---|---|---|---|
| 47c | Board of Education Medical Bureau Conditional Offer of Employment Medical Examination Form Section II completed by Plaintiff's physician Stephen O'Mahoney, MD and dated 7/28/98<br><br>Back side of BOE's Conditional Offer of Employment Medical Examination Form Section II with comments by BOE's staff physician dated 3/23/99 but not signed. Purpose of the comment was to call Plaintiff in for exam | 0008969 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial; Confusing; Misleading; Pertains to Dismissed Claims<br><br>FRE 802: Hearsay<br><br>FRE 901: Authenticity |

| | | | | |
|---|---|---|---|---|
| 47d | Letter to BOE's Executive Director signed by Adam Levin, Ombudsman, and dated April 28, 1999 and received May 3, 1999 by Defendant's Division of Human Resources | 0008970 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial; Confusing; Misleading; Pertains to Dismissed Claims<br><br>FRE 802: Hearsay<br><br>FRE 901: Authenticity |
| 47e | Plaintiff's one page resume with professional experience dating from 1998 to 1994 | 0008971 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 802: Hearsay |
| 47f | Board of Education Medical Bureau Conditional Offer of Employment Medical Examination Form Section II completed by Plaintiff's physician Stephen O'Mahoney, MD and dated 8/15/1996 | 0008972 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial; Confusing; Misleading<br><br>FRE 802: Hearsay<br><br>FRE 901: Authenticity |

| 47g | Plaintiff's Provisional State Public School Teacher Certificate to teach English to Speakers of Others Languages effective date 9/1/96 and signed by Charles C. Mackey, Jr. with control number 722023961 | 0008973 | No | Plaintiff | FRE 402: Relevance |
|---|---|---|---|---|---|
| 47h | Plaintiff's Conditional New York City Public School License to teach English as a Second Language to Adults on License Code 026B issued 8/15/97 with expiration date of 8/31/01<br><br>Plaintiff's Conditional New York City Public School License to teach English as a Second Language in Secondary Schools on License Code 559B issued 5/2/98 with expiration date of 8/31/01 | 0008974 | No | Plaintiff | FRE 402: Relevance |

| | | | | | |
|---|---|---|---|---|---|
| 47i | Plaintiff's physician Stephen O'Mahoney's letter dated January 23, 1997 "To Whom It May Concern" regarding need for accommodation and received by Defendant's Division of Human Resources on January 27, 1997 | 0009875 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial; Confusing; Misleading; Pertains to Dismissed Claims<br><br>FRE 802: Hearsay<br><br>FRE 901: Authenticity |
| 47j | Plaintiff's physician Stephen O'Mahoney's letter dated April 1, 1999 "To Whom It May Concern regarding need for accommodation | 0008976 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial; Confusing; Misleading; Pertains to Dismissed Claims<br><br>FRE 802: Hearsay<br><br>FRE 901: Authenticity |
| 47k | A news article titled "Might Be Able to Walk to Plane" and advertising the 1956 March of Dimes Drive with photo of Plaintiff at age three | 0008977 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial<br><br>FRE 802: Hearsay<br><br>FRE 901: Authenticity |

| | | | | |
|---|---|---|---|---|
| 47l | Letter signed by Plaintiff's mother and father dated December 8, 1954 putting Plaintiff in the care of Mr. and Mrs. Jack Irvine, Jr. to be taken to her Mr. and Mrs. Francis M. Briggs of Clinton, Iowa, for medical treatment | 0008978 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial<br><br>FRE 802: Hearsay<br><br>FRE 901: Authenticity |
| 47m | Plaintiff's letter to BOE's Audrey Jacobson dated October 12, 1996 to request a continued accommodation in her capacity as a teacher in the New York City Public Schools | 0008979 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial; Confusing; Misleading; Pertains to Dismissed Claims<br><br>FRE 802: Hearsay |
| 47n | Plaintiff's letter to BOE's Yvonne Joseph dated December 22, 1997 to request accommodation and received December 22, 1997 by Defendant's Division of Human Resources | 0008980 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial; Confusing; Misleading; Pertains to Dismissed Claims<br><br>FRE 802: Hearsay |

| | | | | |
|---|---|---|---|---|
| 47o | Plaintiff's letter to BOE's Yvonne Joseph dated March 11, 1998 to request accommodation and received March 13, 1998 by Defendant's Division of Human Resources | 00008981 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial; Confusing; Misleading; Pertains to Dismissed Claims<br><br>FRE 802: Hearsay |
| 47p | First page of Personnel Memorandum No. 51 1997-98 dated May 1, 1998 and issued by BOE's Howard Tames regarding reasonable accommodation | 0008982 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial; Confusing; Misleading; Pertains to Dismissed Claims<br><br>FRE 802: Hearsay |
| 47q | Last page of Personnel Memorandum No. 51 1997-98 dated May 1, 1998 and issued by BOE's Howard Tames regarding reasonable accommodation | 0008983 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial; Confusing; Misleading; Pertains to Dismissed Claims<br><br>FRE 802: Hearsay |

| | | | | | |
|---|---|---|---|---|---|
| 47r | Plaintiff's accommodation request on new forms in compliance with Personnel Memorandum No. 51 1997-98 dated May 1, 1998 and signed on June 3, 1998 by Plaintiff and received on June 3, 1998 by Defendant's Division of Human Resources | 0008984 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial; Confusing; Misleading; Pertains to Dismissed Claims<br><br>FRE 802: Hearsay |
| 47s | Second page of Plaintiff's accommodation request continued which was signed on June 3, 1998 by Plaintiff | 0008985 | No | Plaintiff | FRE 106: Completeness<br><br>FRE 402: Relevance<br><br>FRE 403: Prejudicial; Confusing; Misleading; Pertains to Dismissed Claims<br><br>FRE 802: Hearsay |

| | | | | | |
|---|---|---|---|---|---|
| 47t | Copy of news article regarding BOE's new Board Memorandum # 51 | 0008986 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial; Confusing; Misleading; Pertains to Dismissed Claims<br><br>FRE 802: Hearsay |
| 47u | Letter from BOE's Coordinator John L. Staton dated October 2, 1998 to "Dear Student" giving information about the class and teacher named Maya Ayazi | 0008987 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial; Confusing; Misleading; Pertains to Dismissed Claims<br><br>FRE 802: Hearsay |
| 47v | Letter from Howard S. Tames dated February 17, 1999 to "Dear Colleague" advising about Chancellor's Regulation C-175 | 0008988 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial; Confusing; Misleading; Pertains to Dismissed Claims<br><br>FRE 802: Hearsay |

| | | | | | |
|---|---|---|---|---|---|
| 47w | Plaintiff's application to claim retention rights in her position in the Office of Adult and Continuing Education school 755D on Monday and Wednesday 6 to 9 pm and signed by Plaintiff on March 3, 1999 and by her supervisor John L. Staton on March 11, 1999 | 0008989 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial; Confusing; Misleading<br><br>FRE 802: Hearsay |
| 47x | Page one (1) of Decision and Order in the Supreme Court of the State of New York County of Kings dated January 4, 1999 regarding Plaintiff's Article 78 proceeding against Defendant | 0008990 | No | Plaintiff | FRE 106: Completeness<br><br>FRE 402: Relevance<br><br>FRE 403: Prejudicial; Confusing; Misleading |
| 47y | Page three (3) of Decision and Order in the Supreme Court of the State of New York County of Kings dated January 4, 1999 regarding Plaintiff's Article 78 proceeding against Defendant and signed by Randolph Jackson | 0008991 | No | Plaintiff | FRE 106: Completeness<br><br>FRE 402: Relevance<br><br>FRE 403: Prejudicial; Confusing; Misleading |

| | | | | | |
|---|---|---|---|---|---|
| 47z | Page one (1) of Plaintiff's EEOC Charge No. 16097 1855 signed by Plaintiff on February 20, 1998 | 0008992 | No | Plaintiff | FRE 106: Completeness<br><br>FRE 402: Relevance<br><br>FRE 403: Prejudicial; Confusing; Misleading; Pertains to Dismissed Claims<br><br>FRE 802: Hearsay |
| 47aa | Attachment page one (1) of Plaintiff's EEOC Charge No. 16097 1855 signed by Plaintiff on February 20, 1998 and dated February 19 12:55 1998 with CP initials "MA" | 0008993 | No | Plaintiff | FRE 106: Completeness<br><br>FRE 402: Relevance<br><br>FRE 403: Prejudicial; Confusing; Misleading; Pertains to Dismissed Claims<br><br>FRE 802: Hearsay |
| 47ab | Letter to Plaintiff from BOE's Gary Barton dated September 28, 1998 and sent to Lawrence E. Becker and Steven L. Catalano regarding the denial of appeal. | 0008994 | No | Plaintiff | No objection subject to proper foundation |

| | | | | | |
|---|---|---|---|---|---|
| 47ac | Letter to Plaintiff signed by BOE's Chancellor Rudolph F. Crew and dated February 9, 1998 regarding determination to reaffirm the recommendation to discontinue probationary service. | 0008995 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Pertains to Dismissed Claims<br><br>FRE 802: Hearsay |
| 47ad | Plaintiff's physician Stephen O'Mahoney's letter dated January 23, 1997 "To Whom It May Concern regarding need for accommodation and received by Defendant's Division of Human Resources on January 27, 1997 | 0008996 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial; Confusing; Misleading; Pertains to Dismissed Claims<br><br>FRE 802: Hearsay<br><br>FRE 901: Authenticity |

| | | | | | |
|---|---|---|---|---|---|
| 47ae | Plaintiff's physician Stephen O'Mahoney's letter dated April 1, 1999 "To Whom It May Concern regarding need for accommodation. | 0008997 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial; Confusing; Misleading; Pertains to Dismissed Claims<br><br>FRE 802: Hearsay<br><br>FRE 901: Authenticity |
| 47af | Letter to Plaintiff dated 3/24/99 signed by BOE's Yvonne M. Joseph regarding Plaintiff's appointment for COE with Dr. Spatt on 4/14/99. | 0008998 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial; Confusing; Misleading; Pertains to Dismissed Claims<br><br>FRE 802: Hearsay |

| | | | | | |
|---|---|---|---|---|---|
| 47ag | Letter dated 3/18/99 from Lloyd P. Haskes, O.D. in Rego Park regarding Plaintiff's vision and note written on it by BOE's Dr. Spatt regarding Plaintiff's history of post-polio syndrome and call for exam. | 0008999 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial; Confusing; Misleading; Pertains to Dismissed Claims<br><br>FRE 802: Hearsay<br><br>FRE 901: Authenticity |
| 47ah | Letter dated September 14, 1998 to Plaintiff from BOE's Yvonne M. Joseph Regarding Request for Accommodation. | 0009000 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial; Confusing; Misleading; Pertains to Dismissed Claims<br><br>FRE 802: Hearsay |
| 47ai | Right to Sue letter from EEOC dated and signed by Spencer W. Lewis on September 3, 1998 and received by Defendant's Division of Human Resources on September 11, 1998 with charge number 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. | 0009001 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial; Confusing; Misleading<br><br>FRE 802: Hearsay |

| | | | | |
|---|---|---|---|---|
| 47aj | Right to Sue letter from EEOC dated and signed by Spencer W. Lewis on September 3, 1998 and received by Defendant's Division of Human Resources<br><br>on September 11, 1998 with charge number 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. | 0009002 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial; Confusing; Misleading<br><br>FRE 802: Hearsay |
| 47ak | The second page of Plaintiff's accommodation request dated June 3, 1998. | 0009003 | No | Plaintiff | FRE 106: Completeness<br><br>FRE 402: Relevance<br><br>FRE 403: Prejudicial; Confusing; Misleading; Pertains to Dismissed Claims<br><br>FRE 802: Hearsay |
| 47al | Two newspaper articles titled "Polio Victim Begins Therapy" and "Ends Hospital Stay" and three pictures of Plaintiff age three at St. Luke's Hospital. | 0009004 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial<br><br>FRE 802: Hearsay |

| | | | | | |
|---|---|---|---|---|---|
| 47am | Plaintiff's physician Stephen O'Mahoney's letter dated January 23, 1997 "To Whom It May Concern" regarding need for accommodation and received by Defendant's Division of Human Resources on January 27, 1997. | 0009005 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial; Confusing; Misleading; Pertains to Dismissed Claims<br><br>FRE 802: Hearsay<br><br>FRE 901: Authenticity |
| 47an | Plaintiff's Conditional New York City Public School License to teach English as a Second Language in Secondary Schools on License Code 559B issued 05/02/98 with expiration date of 08/31/01 copied onto a memo stating facts about appointments under regular license. | 0009006 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 802: Hearsay |

| 47ao | Plaintiff's letter to BOE's Yvonne Joseph dated March 11, 1998 to request accommodation and received March 13, 1998 by Defendant's Division of Human Resources. | 0009007 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial; Confusing; Misleading; Pertains to Dismissed Claims<br><br>FRE 802: Hearsay |
| 47ap | Plaintiff's letter to BOE's Audrey Jacobson dated June 11, 1997 to request accommodation and received June 16, 1997 by Defendant's Division of Human Resources. | 0009008 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial; Confusing; Misleading; Pertains to Dismissed Claims<br><br>FRE 802: Hearsay |
| 47aq | Second page of Plaintiff's letter to BOE's Audrey Jacobson dated June 11, 1997 to request accommodation and received June 16, 1997 by Defendant's Division of Human Resources. | 0009009 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial; Confusing; Misleading; Pertains to Dismissed Claims<br><br>FRE 802: Hearsay |

| | | | | | |
|---|---|---|---|---|---|
| 47ar | Plaintiff's physician Stephen O'Mahoney's letter dated January 23, 1997 "To Whom It May Concern" regarding need for accommodation and received by Defendant's Division of Human Resources on January 27, 1997. | 0009010 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial; Confusing; Misleading; Pertains to Dismissed Claims<br><br>FRE 802: Hearsay<br><br>FRE 901: Authenticity |
| 47as | Letter to Plaintiff from Social Security Administration with no date stating that Plaintiff's social security benefits will increase due to her work record as of 11/22/96 | 0009011 | No | Plaintiff | No objection subject to proper foundation |
| 47at | Newspaper article entitled "Polio Victim Begins Therapy" regarding Plaintiff's reunion with grandparents and polio therapy. | 0009012 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial<br><br>FRE 802: Hearsay |

| | | | | | |
|---|---|---|---|---|---|
| 47au | Letter to Plaintiff signed by BOE's Chancellor Rudolph F. Crew and dated June 26, 1997 to inform Plaintiff of recommendation for discontinuance of probationary service as of June 26, 1996 at Grover Cleveland high School | 0009013 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 802: Hearsay |
| 47av | Plaintiff's EEOC charge dated June 27, 1997 against Defendant. | 0009014 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial; Confusing; Misleading; Pertains to Dismissed Claims<br><br>FRE 802: Hearsay |
| 47aw | Plaintiff's Provisional State Public School Teacher Certificate to teach English to Speakers of Other Languages effective date 09/01/96 and signed by Charles C. Mackey, Jr. with control number 722023961 | 0009015 | No | Plaintiff | FRE 402: Relevance |

| | | | | | |
|---|---|---|---|---|---|
| 47ax | Plaintiff's letter to BOE's Audrey Jacobson dated October 12, 1996 to request continued accommodation with note by Defendant's staff stating "Sub Teacher." | 0009016 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial; Confusing; Misleading; Pertains to Dismissed Claims<br><br>FRE 802: Hearsay<br><br>FRE 901: Authenticity |
| 47ay | Plaintiff's letter to BOE's Yvonne Joseph dated December 22, 1997 to request accommodation and received December 22, 1997 by Defendant's Division of Human Resources. | 0009017 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial; Confusing; Misleading; Pertains to Dismissed Claims<br><br>FRE 802: Hearsay |

| | | | | | |
|---|---|---|---|---|---|
| 47az | Letter to Plaintiff form BOE's Kenneth Weissman dated January 5, 1998 to inform her of new assignment at Flushing Evening High School. | 0009018 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial; Confusing; Misleading; Pertains to Dismissed Claims<br><br><br><br>FRE 802: Hearsay |
| 47ba | Printout from Social Security Administration signed by M. Caleen CR dated October 24, 1997 from Rego Park with printout of Plaintiff's Social Security Disability (SSDI) and Social Security Income (SSI). | 0009019 | No | Plaintiff | No Objection Subject to Proper Foundation |
| 47bc | Letter to Plaintiff dated 3/24/99 signed by BOE's Yvonne M. Joseph regarding Plaintiff's appointment for COE with Dr. Spatt on 4/14/99 at 12:30. | 0009020 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial; Confusing; Misleading; Pertains to Dismissed Claims<br><br>FRE 802: Hearsay |

| | | | | | |
|---|---|---|---|---|---|
| 47bd | Letter to Mr. Adam Levin, Ombudsman, dated June 23, 1999 from BOE regarding Plaintiff's inquiry. | 0009021 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial; Pertains to Dismissed Claims; Confusing; Misleading<br><br>FRE 802: Hearsay |
| 47be | Second page of Letter to Mr. Adam Levin, Ombudsman, dated June 23, 1999 regarding Plaintiff's inquiry and signed by BOE's Lawrence E. Becker | 0009022 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial; Pertains to Dismissed Claims; Confusing; Misleading<br><br>FRE 802: Hearsay |
| 47bf | Letter to Mr. Adam Levin, Ombudsman, dated June 23, 1999 from BOE regarding Plaintiff's inquiry with note stating: "file into chart". | 0009023 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial; Pertains to Dismissed Claims; Confusing; Misleading<br><br>FRE 802: Hearsay |

| | | | | | |
|---|---|---|---|---|---|
| 47bg | Second page of Letter to Mr. Adam Levin, Ombudsman, dated June 23, 1999 regarding Plaintiff's inquiry and signed by BOE's Lawrence E. Becker | 0009024 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial; Pertains to Dismissed Claims; Confusing; Misleading<br><br>FRE 802: Hearsay |
| 47bh | Board of Education Medical Bureau Conditional Offer of Employment Medical Examination Form Section I, Part B, completed by Plaintiff. Back side of BOE's Conditional Offer of Employment Medical Examination Form Section I, Part B, completed by Plaintiff and signed by her on August 1, 1998. | 0009025 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial; Pertains to Dismissed Claims; Confusing; Misleading<br><br>FRE 802: Hearsay |

- 43 -

| | | | | | |
|---|---|---|---|---|---|
| 47bi | Board of Education Annual Review and Report of Plaintiff signed by Myron Liebrader on 6/19/97 and not signed by Plaintiff. Back side of Annual Review signed by Myron Liebrader on 6/6/97 and the superintendent on 6/6/97 for termination. | 0009026 | No | Plaintiff | No Objection Subject to Proper Foundation |
| 47bj | Board of Education Medical Form to Plaintiff dated 1/28/99 regarding $15 processing fee. | 0009027 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial; Pertains to Dismissed Claims; Confusing; Misleading<br><br>FRE 802: Hearsay |

| | | | | | |
|---|---|---|---|---|---|
| 47bk | Board of Education Medical Form to Plaintiff dated 1/28/99 regarding $15 processing fee and need for vision test. | 0009028 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial; Pertains to Dismissed Claims; Confusing; Misleading<br><br>FRE 802: Hearsay |
| 47bl | Board of Education Medical Bureau Conditional Offer of Employment Medical Examination Form Applicant Instructions. | 0009029 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial; Pertains to Dismissed Claims; Confusing; Misleading<br><br>FRE 802: Hearsay |
| 47bm | Board of Education Medical Bureau Physical Examination Form completed by Dr. Spatt on 4/14/99 and recommending accommodation received by Defendant's Division of Human Resources date unreadable. | 0009030 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial; Pertains to Dismissed Claims; Confusing; Misleading<br><br>FRE 802: Hearsay |

| | | | | |
|---|---|---|---|---|
| 47bn | Board of Education Office of Personnel Investigation dated 6/29/98 by Albert Cleary and 7/1/98 by Aderemi Bello and Carmela Cuddy and not Signed by Lawrence E. Becker, BOE's Chief Administrator. | 0009031 | No | Plaintiff | FRE 106: Completeness |
| 47bo | Board of Education Medical Bureau Physical Examination Form, Section II, completed by Plaintiff's physician Dr. Stephen O' Mahoney and signed July 28, 1998. | 0009032 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial; Pertains to Dismissed Claims; Confusing; Misleading<br><br>FRE 802: Hearsay<br><br>FRE 901: Authenticity |
| 47bp | News article titled "Ends Hospital Stay" with date written on top of Nov. 20, 1955 regarding Plaintiff's stay at St. Luke's Hospital. | 0009033 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial<br><br>FRE 802: Hearsay |

| 48 | Board's Answer to Plaintiff's Charge (Case No. U-20056) with the Public Employment Relations Board (PERB) Dated and Signed by Thomas Liese on September 15, 1998 **with Emphasis on ¶¶ 16-17** | | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Confusing; Misleading<br><br>FRE 802: Hearsay |
|----|----|----|----|----|----|
| 49 | Plaintiff's Charge (Case No. U-20056) with the Public Employment Relations Board (PERB) Dated and Signed by Plaintiff on July 1, 1998 with Emphasis on ¶¶ 82-84 | | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: self-serving; prejudicial; cumulative<br><br>FRE 802: Hearsay |
| 50 | Plaintiff's Amended Charge (Case No. U-20056) with the Public Employment Relations Board (PERB) dated and signed by Plaintiff on August 3, 1998 **(emphasis on Exhibit G referenced by the Board in its Answer to the July 1, 1998 Charge at ¶17)** | | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: self-serving; prejudicial; cumulative<br><br>FRE 802: Hearsay |

| | | | | | |
|---|---|---|---|---|---|
| 51 | The Board's Personnel Memorandum No. 51 effective May 1, 1998 | | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: self-serving; prejudicial; cumulative<br><br>FRE 802: Hearsay |
| 52 | Chancellor Regulation C-105 revised March 23, 1992 and issued December 28, 1981 | | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: confusing; misleading<br><br>FRE 802: Hearsay |
| 53[12] | Plaintiff's License Application to Teach Art in the Day High Schools dated and signed on April 21, 1998 | | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: cumulative<br><br>FRE 802: Hearsay |
| 54 | Plaintiff's License Application to Teach ESL in the Secondary Schools dated January 23, 1996 | | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: cumulative<br><br>FRE 802: Hearsay |
| 55 | Certificate of Qualification in the field of Art effective February 1, 1996 | | No | Plaintiff | FRE 402: Relevance |

---

[12] Defendants note that plaintiff's exhibit 53 is duplicative of plaintiff's exhibit 34.

| | | | | |
|---|---|---|---|---|
| 56 | Appointment list for ESL to Adults 026B/TT with Plaintiff's name and dated October 1999 provided in discovery | | No | Plaintiff | FRE 402: Relevance<br><br>FRE 802: Hearsay |
| 57 | Plaintiff's Letter dated March 30, 1999 to Board's Personnel Investigations re Failure to Process Art License | | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: self-serving; cumulative<br><br>FRE 802: Hearsay |
| 58[13] | Letter dated July 14, 1998 from Lawrence E. Becker to Plaintiff re Denial of Arts License | | No | Plaintiff | No Objection subject to proper foundation |
| 59[14] | Letter dated September 28, 1998 from Deputy Director of Division of Human Resources to Plaintiff re Fine Arts License | 0008994 | No | Plaintiff | No Objection subject to proper foundation |

---

[13] Defendants note that plaintiff's exhibit 58 is duplicative of plaintiff's exhibit 20.

[14] Defendants note that plaintiff's exhibit 59 is duplicative of plaintiff's exhibit 47ab.

| | | | | | |
|---|---|---|---|---|---|
| 60 | Letter dated September 14, 1998 from Yvonne Joseph to Plaintiff re Request for Accommodation | 0009000 | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial; Confusing; Misleading; Pertains to Dismissed Claims<br><br>FRE 802: Hearsay |
| 61 | Plaintiff's New York City Public Schools License to Teach ESL in Secondary Schools 559B issued May 25, 1996 and effective until January 31, 1997 | | No | Plaintiff | FRE 402: Relevance |
| 62[15] | Plaintiff's New York City Public Schools License to Teach ESL to Adults 026B issued August 15, 1997 and effective until August 31, 2001 | | No | Plaintiff | FRE 402: Relevance |
| 63[16] | Plaintiff's New York City Public Schools License to Teach ESL in Secondary Schools 559B issued on May 2, 1998 and effective until August 31, 2001 | | No | Plaintiff | FRE 402: Relevance |

---

[15] Defendants note that plaintiff's exhibit 62 is duplicative of plaintiff's exhibit 47h.

[16] Defendants note that plaintiff's exhibit 63 is duplicative of plaintiff's exhibit 47h.

| | | | | | |
|---|---|---|---|---|---|
| 64 | Plaintiff's Permanent New York City Public Schools License to Teach ESL in Secondary Schools 559B issued May 20, 2000 | | No | Plaintiff | FRE 402: Relevance |
| 65 | Plaintiff's Permanent New York City Public Schools License to Teach ESL to Adults 026B issued May 20, 2000 | | No | Plaintiff | FRE 402: Relevance |
| 66[17] | Plaintiff's Exhibit 6 of Deposition of Mercuria Gibson on July 19, 2005 of notes on copies of licenses (two pages) | | No | Plaintiff | FRE 402: Relevance<br><br>FRE 403: Prejudicial; Confusing; Misleading; Cumulative<br><br>FRE 802: Hearsay<br><br>FRE 901: Authenticity |
| 68 | Plaintiff's Appointment to Franklin K. Lane High in District 77 on August 1, 1996 under ESL License 559B and signed by Principal on September 6, 1996 | | No | Plaintiff | FRE 402: Relevance<br><br>FRE: 802: Hearsay |
| 69 | Plaintiff's License Application to Teach ESL to Adults dated July 11, 1996 | | No | Plaintiff | FRE 402: Relevance<br><br>FRE: 802: Hearsay |

---

[17] Defendants note that plaintiff's exhibit 66 is duplicative of plaintiff's exhibit 9.

| | | | | | |
|---|---|---|---|---|---|
| 71 | Memorandum and Order dated September 13, 2004 issued by Judge Garaufis at Docket No. 113 | | No | Plaintiff | FRE 402: Relevance |
| 72 | Defendant's Responses and Objections to Plaintiff's Amended First Set of Requests for Admissions dated December 20, 2010 **(Emphasis on Admission No. 5)** | | No | Plaintiff | FRE 402: Relevance |
| 73 | DEPOSITION OF CATHI SCHOENBERGER DATED FEBRUARY 1, 2011 **(Emphasis on pp. 40, 55-59, 62-68, 88-91)** | | No | Plaintiff | FRE 402: Relevance FRE 403: Cumulative FRE 802: Hearsay |

## DEFENDANT'S EXHIBITS

| Exhibit | Description | Bates Stamp # | Stipulated Admission | Party Offering | Plaintiff's Objections |
|---|---|---|---|---|---|
| A | NYC Board of Education HRS Applicant Processing Screen (Nathaniel Brown Declaration, Exhibit "A," pg. 4) | | | Defendant | FRE 403: Prejudicial, Confusing, Self-Serving, Misleading. Defendant's administrators have admitted over and over again that plaintiff's license 559B/TT was terminated. This document does not reflect that fact.<br><br>FRE 402: Relevance. It is not relevant to the charge that Defendant hides its policy to terminate licenses in violation of the ADA.<br><br>FRE Rule 802: Hearsay. |

| | | | | | |
|---|---|---|---|---|---|
| B | NYC Board of Education HRS Applicant Processing Screen (Nathaniel Brown Declaration, Exhibit "A," pg. 11) | | | Defendant | No objection subject to proper foundation. |
| C | NYC Board of Education HRS Applicant Processing Screen (Nathaniel Brown Declaration, Exhibit "A," pg. 14) | | | Defendant | FRE 403: Prejudicial, Confusing, Self-Serving, Misleading. Defendant's administrators have admitted over and over again that plaintiff's license 559B/TT was terminated. This document does not reflect that fact.<br><br>FRE 402: Relevance. It is not relevant to the charge that Defendant hides its policy to terminate licenses in violation of the ADA.<br><br>FRE Rule 802: Hearsay. |

| | | | | | |
|---|---|---|---|---|---|
| D | NYC Board of Education HRS Applicant Processing Screen (Nathaniel Brown Declaration, Exhibit "A," pg. 15) | | | Defendant | FRE 403: Prejudicial, Confusing, Self-Serving, Misleading. This document does not reflect that fact that at sometime in 1996, a physical and medical examination was no longer required for a City Certificate with a list code of "81."<br><br>FRE 402: Relevance. It is not relevant to the charge that Defendant hides its policy to terminate licenses for appointment with a list code of "TT"in violation of the ADA.<br><br>FRE Rule 802: Hearsay. |

| | | | | | |
|---|---|---|---|---|---|
| E | NYC Board of Education HRS License History Inquiry Screen (Nathaniel Brown Declaration, Exhibit "A," pg. 38) | | | Defendant | FRE 403: Prejudicial, Confusing, Self-Serving, Misleading. Defendant's administrators have admitted over and over again that plaintiff's license 559B/TT was terminated. This document does not reflect that fact.<br><br>FRE 402: Relevance.  It is not relevant to the charge that Defendant hides its policy to terminate licenses in violation of the ADA.<br><br>FRE Rule 802: Hearsay. |

| | | | | | |
|---|---|---|---|---|---|
| F | NYC Board of Education HRS Inquiry All Lists for Individual Screen (Nathaniel Brown Declaration, Exhibit "A," pg. 39) | | | Defendant | FRE 403: Prejudicial, Confusing, Self-Serving, Misleading. Defendant's administrators have admitted over and over again that plaintiff's license 559B/TT was terminated. This document does not reflect that fact.<br><br>FRE 402: Relevance. It is not relevant to the charge that Defendant hides its policy to terminate licenses in violation of the ADA.<br><br>FRE Rule 802: Hearsay |
| G | Maryam Ayazi's Permanent New York City Public School License, 559B/TT, effective July 1, 1996, to Teach English as a Second Language in Secondary Schools | | | Defendant | FRE 402:<br><br>Plaintiff's Permanent New York City Public School License did not become permanent until 1999. |

| | | | | | |
|---|---|---|---|---|---|
| H | Maryam Ayazi's Deposition Transcript, taken August 27, 2001 | | | Defendant | Plaintiff does not have this deposition, but she remembers that the questions involved her disability and work<br><br>FRE Rule 608: Evidence of Character and Conduct of Witness.  To the extent that Defendant is using the document to establish character of the witness, it may not provide evidence of specific instances of conduct of a witness for the purpose of attacking or supporting her credibility. |

| | | | | | |
|---|---|---|---|---|---|
| I | Maryam Ayazi's Deposition Transcript, taken September 7, 2001 | | | Defendant | Plaintiff does not have this deposition, but she remembers that the questions involved her disability and work.<br><br>FRE Rule 608: Evidence of Character and Conduct of Witness. To the extent that Defendant<br><br>is using the document to establish character of the witness, it may not provide evidence of specific instances of conduct of a witness for the purpose of attacking or supporting her credibility. |

| J | Ayazi v. UFT, Amendment to Original Charge, dated July 30, 1998, before State of New York, Public Employment Relations Board | | | Defendant | **FRE Rule 402: Relevance:** A Board of Education labor lawyer admitted the following statement but denied that the Board's action was erroneous: "On April 20, charging party learned that her employer BOE had erroneously restricted renewal of her license 559B to teach ESL in the Secondary Schools." Therefore, document "J" is not relevant because the admission was made on Plaintiff's Amendment to Original Charge, dated July 1, 1998 and received July 3, 1998 and not on the Amendment to Original Charge dated July 30, 1998. The UFT answered the Amendment to Original Charge dated July 30, 1998 and received August 3, 1998. |

| | | | | | |
|---|---|---|---|---|---|
| L | Letter, dated June 26, 1997, from Rudolph Crew to Maryam Ayazi | | | Defendant | FRE 402: Relevance. Plaintiff's termination of service has nothing to do with termination of her licenses given that Defendant denies terminating them. FRE 403: Unfair Prejudice, Confusion. FRE Rule 608: Evidence of Character and Conduct of Witness. To the extent that Defendant is using the document to establish character of the witness, it may not provide evidence of specific instances of conduct of a witness for the purpose of attacking or supporting her credibility. |
| | Letter, dated February 9, 1998, from Rudolph Crew to Maryam Ayazi | | | Defendant | **FRE 402: Relevance.** Plaintiff's termination of service has nothing to do with termination of her licenses given that Defendant denies terminating them. **FRE 403: Unfair Prejudice, Confusion.** **FRE Rule 608:** |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | **Evidence of Character and Conduct of Witness**. To the extent that Defendant is using the document to establish character of the witness, it may not provide evidence of specific instances of conduct of a witness for the purpose of attacking or supporting her credibility. |

| N | Letter, dated February 5, 1999, from George Fesko to Maryam Ayazi | | | Defendant | FRE 402: Relevance.<br><br>FRE 403: Unfair Prejudice, Confusion. George Fesko is not a reliable witness because he lied to the Court about the facts in this case, and the UFT has made admissions that are contrary to his affidavit.<br><br>FRE Rule 608: Evidence of Character and Conduct of Witness. To the extent that Defendant<br><br>is using the document to establish character of the witness, it may not provide evidence of specific instances of conduct of a witness for the purpose of attacking or supporting her credibility.<br><br>FRE 802: Hearsay. |
|---|---|---|---|---|---|

| O | Plaintiff's EEOC Amended Charge of Discrimination against the UFT, dated September 8, 1998 | | | Defendant | FRE 402: Relevance.<br><br>FRE 403: Unfair Prejudice, Confusion.<br><br>FRE Rule 608: Evidence of Character and Conduct of Witness. To the extent that Defendant is using the document to establish character of the witness, it may not provide evidence of specific instances of conduct of a witness for the purpose of attacking or supporting her credibility. |

| P | Decision of the State of New York Public Employment Relations Board, dated November 18, 1999, Case No. U-20056 | | | Defendant | FRE 403: Unfair Prejudice, Confusion: PERB's Rules of Procedure does not contain any formal discovery procedure; disability discrimination lawsuits are not protected activities under the Act; the UFT and BOE misrepresented the facts in the case and changed its testimony in federal court regarding the termination of plaintiff's license 559B/TT.

FRE Rule 608: Evidence of Character and Conduct of Witness. To the extent that Defendant is using the document to establish character of the witness, it may not provide evidence of specific instances of conduct of a witness for the purpose of attacking or supporting her credibility. |

| | | | | |
|---|---|---|---|---|
| Q | H.R.S. Service History Inquiry Screen | PAS 0001 | Defendant | FRE 403: Prejudicial, Confusing, Self-Serving, Misleading. Defendant's administrators have admitted over and over again that plaintiff's license 559B/TT was terminated. This document does not reflect that fact.<br><br>FRE 402: Relevance. It is not relevant to the charge that Defendant hides its policy to terminate licenses in violation of the ADA.<br><br>FRE Rule 802: Hearsay. |
| R | NYC Board of Ed HRS Medical Processing, Inquire on Medical Results Screen | PAS 0003 | Defendant | No objection with proper foundation. |
| S | NYC Board of Ed HRS Applicant Processing, Exam Results Inquiry Screen | PAS0004 | Defendant | No objection with proper foundation. |

| | | | | | |
|---|---|---|---|---|---|
| T | Memorandum and Order, 02 CV 4581, dated July 19, 2004 | | | Defendant | FRE 402: Relevance. Plaintiff's appeal of a social security decision has nothing to do with her claim that Defendant terminated her licenses in violation of the ADA, State and City laws.

FRE 403: Unfair Prejudice, Confusion. Defendant is capitalizing on the public's prejudices and stereotypes of individuals with disabilities which has nothing to do with the fact question of whether her licenses were terminated against the ADA, State and City laws.

FRE Rule 608: Evidence of Character and Conduct of Witness. To the extent that Defendant is using the document to establish character of the witness, it may not provide evidence of specific instances of conduct of a witness for the purpose of attacking or supporting her credibility.

FRE Rule 802: Hearsay. |

| | | | | | |
|---|---|---|---|---|---|
| U | Plaintiff's Memorandum of Law in Opposition to the Commissioner's Motion for Judgment on the Pleadings, 02 CV 4581, dated October 15, 2003 | | | Defendant | FRE 402: Relevance. Plaintiff's appeal of a social security decision has nothing to do with her claim that Defendant terminated her licenses in violation of the ADA, State and City laws.

FRE 403: Unfair Prejudice, Confusion. Defendant is capitalizing on the public's prejudices and stereotypes of individuals with disabilities which has nothing to do with the fact question of whether her licenses were terminated against the ADA, State and City laws.

FRE Rule 608: Evidence of Character and Conduct of Witness. To the extent that Defendant is using the document to establish character of the witness, it may not provide evidence of specific instances of conduct of a witness for the purpose of attacking or supporting her credibility.

FRE Rule 802: Hearsay. |

| | | | | | |
|---|---|---|---|---|---|
| V | Affidavit of Maryam Ayazi, 02 CV 4581, sworn to October 15, 2003 | | | Defendant | FRE 402: Relevance. Plaintiff's appeal of a social security decision has nothing to do with her claim that Defendant terminated her licenses in violation of the ADA, State and City laws. FRE 403: Unfair Prejudice, Confusion. Defendant is capitalizing on the public's prejudices and stereotypes of individuals with disabilities which has nothing to do with the fact question of whether her licenses were terminated against the ADA, State and City laws. FRE Rule 608: Evidence of Character and Conduct of Witness. To the extent that Defendant is using the document to establish character of the witness, it may not provide evidence of specific instances of conduct of a witness for the purpose of attacking or supporting her credibility. FRE Rule 802: Hearsay. |

| W | Plaintiff's Application for Disability Insurance Benefits, dated December 2, 1994 | | | Defendant | FRE 402: Relevance. Plaintiff's appeal of a social security decision has nothing to do with her claim that Defendant terminated her licenses in violation of the ADA, State and City laws.

FRE 403: Unfair Prejudice, Confusion. Defendant is capitalizing on the public's prejudices and stereotypes of individuals with disabilities which has nothing to do with the fact question of whether her licenses were terminated against the ADA, State and City laws.

FRE Rule 608: Evidence of Character and Conduct of Witness. To the extent that Defendant is using the document to establish character of the witness, it may not provide evidence of specific instances of conduct of a witness for the purpose of attacking or supporting her credibility.

FRE Rule 802: Hearsay. |
|---|---|---|---|---|---|

| | | | | | |
|---|---|---|---|---|---|
| X | Social Security Administration, Office of Hearings and Appeals, Transcript, March 2, 2001 | | | Defendant | FRE 402: Relevance. Plaintiff's appeal of a social security decision has nothing to do with her claim that Defendant terminated her licenses in violation of the ADA, State and City laws.<br><br>FRE 403: Unfair Prejudice, Confusion. Defendant is capitalizing on the public's prejudices and stereotypes of individuals with disabilities which has nothing to do with the fact question of whether her licenses were terminated against the ADA, State and City laws.<br><br>FRE Rule 608: Evidence of Character and Conduct of Witness. To the extent that Defendant is using the document to establish character of the witness, it may not provide evidence of specific instances of conduct of a witness for the purpose of attacking or supporting her credibility.<br><br>FRE Rule 802: Hearsay. |

| | | | | | |
|---|---|---|---|---|---|
| Y | Maryam Ayazi's Annual Performance Review, dated June 19, 1997 | | | Defendant | FRE 402: Relevance. Plaintiff's Annual Performance Review has nothing to do with termination of her licenses which Defendant has already admitted.<br><br>FRE 403: Unfair Prejudice, Confusion. Defendant is capitalizing on the public's prejudices and stereotypes of individuals with disabilities which has nothing to do with the fact question of whether her licenses were terminated against the ADA, State and City laws.<br><br>FRE Rule 608: Evidence of Character and Conduct of Witness. To the extent that Defendant is using the document to establish character of the witness, it may not provide evidence of specific instances of conduct of a witness for the purpose of attacking or supporting her credibility. |

| | | | | | |
|---|---|---|---|---|---|
| Z | New York City Public Schools Certificate to Serve as a Substitute, 579B 81, Issued 8/28/97 | | | Defendant | No Objection Subject to Proper Foundation |
| AA | Memorandum from Carmela Cuddy to Lawrence E. Becker, dated June 29, 1998 | | | Defendant | Plaintiff reserves the right to object to this exhibit upon receipt of defendant's exhibits |

Defendant reserves the right to use any and all exhibits listed by the plaintiff in this Pre-Trial Order.  Defendant also reserves the right to supplement or amend its list of possible trial exhibits.

Respectfully submitted,

Maryam J. Ayazi
Plaintiff *pro se*
86-31 57th Avenue, Apt. 2C
Elmhurst, NY 11373
718-507-2514

MICHAEL A. CARDOZO
Corporation Counsel of the
    City of New York
Attorney for Defendant
100 Church Street, Room 2-144
New York, New York 10007
(212) 788-0883

By: _____/s/_____

    Maryam Jan Ayazi

By: _____/s/_____

    Daniel Gomez-Sanchez
    Assistant Corporation Counsel

So Ordered:

_____
Margo K. Brodie
United States District Judge
Dated:

- 73 -